SORVER v. BERNDT.

Under a bequest to the children *or* legal heirs of my brother D., a grandchild of D., whose parent died before testator, is entitled to a share with the children of D. living at the testator's death.

IN error from the Common Pleas of Montgomery.

*March* 30.  Case stated.  Testator, by his will, dated in 1839, bequeathed "one-fifth part of the residue of my estate to the children or legal heirs of my brother, David Sorver, in equal share alike."

David Sorver died in 1816, leaving six children.  One of these died in 1826, leaving one child, who died after testator.  The question was, whether her administrator was entitled to a share of the residue, there having been children of David Sorver living at the death of the testator.

The court gave judgment for the plaintiff.

*Sterigere* and *Mallery*, for plaintiff in error.—The word children does not include grandchildren, unless under peculiar circumstances, none of which have place here.  The only doubt is on the words "or legal heirs"—but they are a mere description of the previous word.  By heirs, children are generally intended: 2 Wh. 382; 1 P. Wms. 84–5.  It is also settled that these words do not operate as a substitution of the heirs in place of their ancestor— they are mere words of limitation: Plow. 341; 1 P. W. 397; 8 S. & R. 71; 4 W. 82; 1 Bin. 559; 2 Raw. 28, 33.

*G. R. Fox*, contrà.—Every word is to have weight, if possible. The construction contended for, excludes entirely the words "or legal heirs;" now, something was meant by this; and what was it? Clearly that the children or such other persons as should be the heirs of the brother when the will took effect, were to be provided for.  If it is read strictly, the bequest is void for uncertainty: 2 Rop. 295.  By reading "or" "and," as is very common, both objects of the bounty are let in: Ib. 291.

*April* 2.  COULTER, J.—The testator, an illiterate man, devised

his estate, being all personalty, to his brothers and sisters.  The bequest on which the dispute in this case arises, is in these words: "I give and bequeath one-fifth part thereof to the children or legal heirs of my brother, David Sorver, in equal share alike." Did the grandchildren or grandchild of David Sorver take?

It would seem that a plain man intended something by the use of the words "or legal heirs of my brother David Sorver, share and share alike." And the most obvious intent which can be imputed to him is, that he thought his children might die, and that if they did, he did not wish the legacy to fail; but that in such event, it should go to their legal heirs, and therefore gave it to them by that description.  If we do not give the words this construction, we must reject them, which would be against the plainest canon of construction.  Testator intended something by the use of these words, and their natural use and import is what we have given to them.  It is doing no violence to the will to construe "or" as "and"—it was doubtless used in that sense by testator.  "I give one-fifth part to the children and legal heirs," &c.  The words are not used as in substitution or in the alternate sense, but as part of the whole phrase, indicating an intent to give to the children first, but if they were dead, then by description to the legal heirs as *descriptio personæ* of those entitled to take.  The grandchild, therefore, came within the description, and was entitled to take.

Judgment affirmed.