## Barbara Herr's Estate.

Where a testator devised to each of his two grandsons, the children of a deceased daughter, the sum of $500, "to be their share in full coming out of my estate real and personal," and in another clause bequeathed a fund to a trustee for the support and maintenance of a lunatic daughter during life, and directed that after her death "her share, or so much thereof as may yet remain, be equally divided to and among all my children; or if they or any of them be dead, to their legal representatives, share and share alike;" It was *Held*,

That a surviving grandson, a child of the deceased daughter, was not entitled to share in the distribution of the fund, set apart for the maintenance of the lunatic daughter, after her death.

That the testator intended that the original bequest given to his grandsons was to be in full of their shares of his estate both real and personal, whatever contingency might befall his family.

That the hypothetical words "if they or any of them be dead" must have referred to the children living when the will was made, as the event, the death of his daughter, on which they were to succeed to her estate, was future.

Where a bequest is to children as a class, children in existence at the death of the testator are alone entitled, among whom posthumous children are to be considered.

APPEAL from the Orphans' Court of *Lancaster county*.

John Herr died in 1838, having made his last will and testament in writing, dated the 16th August, 1837. He left him surviving six children and two grandsons, Benjamin and John Eshelman, the children of a deceased daughter, and to whom he bequeathed as follows:—

"*Item*, I give and bequeath unto my two grandsons, Benjamin Eshelman and John Eshelman (being the children of my daughter Anna, deceased), one thousand dollars, lawful money of Pennsylvania; that is to say, I give five hundred dollars to each of them, their heirs and assigns for ever, and the same to be their share or shares in full coming to them out of my estate, both real and personal, and to be paid unto them as they severally arrive at the age of twenty-one years, without interest," &c.

He then provided for his daughter Barbara, who was *non compos mentis*, as follows:—

"*Item*, Whereas I consider my daughter Barbara not able or capable of managing and taking care of the legacies and parts of my estate herein given and bequeathed unto her, I therefore order and direct that my trusty friend, Henry Breneman (whom I have hereinafter nominated as one of my executors), shall and do take, receive, and detain all moneys and estate which in and by this my last will and testament is devised, given, and bequeathed to and for the use of my said daughter Barbara; and that he shall place the same at interest, as her trustee, from time to time as the same shall be paid in or received, and maintain, board, and clothe her in a

decent manner out of the yearly interest accruing thereon, from time to time during the term of her life; but in case she should, through time, become weak and fall in a helpless state, so that it would clearly appear that the foregoing interest should not be sufficient to maintain her, then and in such case the said trustee shall have power to take of the principal from time to time so much as, with the interest, will maintain her in a decent manner. And after her death I order that her share, or so much thereof as may yet remain, be equally divided to and among all my children; or if they, or any of them be dead, to their legal representatives, share and share alike; but in case she should at any time hereafter be able and capable to manage her own affairs, and be so legally declared, I order that her share be paid over unto her, to be disposed of at her will and pleasure."

John Herr afterwards became trustee of Barbara Herr, and applied the interest of the fund and a part of the principal to her maintenance. After her death he filed his account, and there remained in his hands the sum of $1595.57, to be distributed among those entitled under the will, for which purpose the court appointed an auditor.

John Eshelman, the brother of Benjamin, had died since his grandfather; and Benjamin Eshelman claimed before the auditor, as the only surviving child of Anna Eshelman, his mother, such share as she would have been entitled to of this fund if living. The auditor divided the fund among the five surviving children of John Herr, and Benjamin Eshelman, awarding to each the sum of $265.92$\frac{5}{6}$.

To this report the other legatees filed exception, that the auditor erred in giving Benjamin Eshelman a share in the estate.

The court below, after argument, confirmed the report of the auditor.

From this decree John Herr and the other legatees appealed, and assigned for error, that the court below erred in decreeing a share to Benjamin Eshelman, a grandson of testator.

*A. Herr Smith*, for appellants.—The testator limited the shares of his grandsons out of his estate to $500, and that was to be "their shares in full" out of his estate real and personal. He designed to exclude them from any participation in this fund after the death of Barbara.

The auditor relies on the clause of the will distributing this fund, which directs it to be divided "to and among all my children, or, if they or any be dead, to their legal representatives, share and share alike." We contend that the testator was here speaking of his children who were living at his death, and not of his grandsons who had been provided for "in full." It would be

a perversion of terms to speak of the contingency of Anna's death when the testator knew it had already occurred.

Nor can the pronoun "they," or the words "any of them," refer to Anna as their antecedent. Words are to be construed according to their common and ordinary meaning. The testator fully appreciates the distinction between children and grandchildren. This construction makes the will fully consistent with itself, and sustains the manifest intent of the testator. Such a construction is always adopted in preference to one which causes a conflict between different parts of it: Earp's Will, 1 *Par.* 457. Those only who were in existence at his death can take: Gross's Estate, 10 *Barr* 360; Calhoun *v.* Jester, 1 *Jones* 477.

*Ellmaker*, for appellee.—This fund is properly to be regarded as the estate of Barbara Herr, and not of John Herr. Had she recovered so as to have justified the trustee in paying it over to her, and she had died intestate, there could be no doubt that the appellee would have been entitled to the share of his mother.

Our courts lean strongly in favour of that equality in the distribution of estates which is secured by our laws: Haskins *v.* Tate, 1 *Casey* 252.

The "share in full" was only of the primary distribution of his estate, and had no reference to this fund set apart for Barbara.

The words "if they or any of them be dead" are most general and comprehensive, and seem as though the children or their representatives were intended to take without reference to the time of the death. The omission to name Anna in the clause cannot exclude her child, for none of the children are mentioned by name.

The application of Calhoun *v.* Jester, cited by the appellant, is not perceived. There the devise, it was held, would not open to let in after-born children. In Gross's Estate, the bequest was to the testator's children as a *class;* and this distinguished it from the case of Sorver *v.* Berndt, 10 *Barr* 213, where it was ruled that, "under a bequest to the children or legal heirs of my brother D., a grandchild of D., whose parent died before testator, is entitled to a share with the children of D. living at the testator's death."

But if there be a conflict (which we think there is not) between the two clauses of the will in question, we claim under the last; and it has been long settled that in such cases the latter must prevail.

The opinion of the court was delivered by

Woodward, J.—Although this is a distribution of Barbara Herr's estate, it is to be controlled by the will of her father John Herr; for the estate consisted of the unexpended portion of a fund which he bequeathed in trust for her for life with re-

mainder over to his other children and their representatives. The trustee having applied the proceeds of the fund and part of the principal for her support during life, has now, she being dead, a residuum in his hands to be distributed according to the provisions of the will.

The question then fairly presented on the record is, whether Benjamin Eshelman, the only surviving child of Anna Eshelman, a daughter of the testator who died before he made his will, is entitled to take that share of the residuum which his mother would have taken had she survived both her father and her sister Barbara.

Looking through the will, it is observable that the testator provides specifically for his wife, his two grandsons then living, and for his sons John and Henry; and then directs that the residue of his estate, including also the sums charged on lands given to the sons, shall be divided into six equal shares among his six children, whom he names. Mrs. Eshelman is not named among his children, because he had in a previous clause taken notice of her death. In an after clause of the will he recites the imbecility of Barbara and appoints a trustee for her share, and then orders that after her death so much of her share as may remain unexpended shall go to "*all my children, or if any of them be dead, to their legal representatives share and share alike.*"

It is argued that this language was intended to comprehend Mrs. Eshelman, and that her surviving son is thereby admitted to the bequest; but after an attentive consideration of all that has been urged both by the auditor and by counsel in support of this view, we are unable to adopt it for these two reasons :—

1. The testator, in providing specifically for his grandsons, declared that the $1000 given to them was to be "*their share or shares in full coming to them out of my estate both real and personal.*" He looked to no further provision for them in any contingency which might befall his family. That he meant this bequest to be their full share of his estate is so incontestably proved by his words that any construction which would give them more, would derange the scheme of distribution he had in mind, and substitute another will for that which was written.

2. The hypothetical words quoted above, "*if they or any of them be dead,*" must have referred to the children whom he enumerated as living when he made his will; because the event on which they were to succeed to Barbara's share, was future—her death. It seems absurd to make the testator speak hypothetically of the future death of Mrs. Eshelman, whom he had already buried. The leading principle, said Judge ROGERS in Gross's Estate, 10 *Barr* 361, in relation to such a devise is, that where a bequest is to children in a class, children in existence at the death of the

[Barbara Herr's Estate.]

testator are alone entitled, among whom posthumous children are to be considered.

If any of them be dead, is exactly equivalent to the phrase, If any of them shall be dead at the happening of the future event specified; and would any father speak of a deceased daughter in that way? Whilst contemplating his own death and Barbara's the testator did not forget Anna's, for he mentions it, and provides for her children, and enumerates his remaining children, and of them exclusively—not of them including Anna, he says, if any shall be dead when Barbara dies, their representatives shall take. He had classified in his thought the several objects of his bounty, and appointed each a portion in their order. By his grandsons he meant the children of his deceased daughter; by his children and their representatives he meant his living children and those who should come after them. It is so apparent from all parts of the will that this was the distinction in his mind, that we cannot disregard it consistently with his unquestionable right to do as he would with that which was his own.

And now, to wit, May 19, 1857, this cause having been argued by counsel and considered by the court, it is ordered and decreed that the decree of the Orphans' Court of the county of Lancaster confirming the auditor's report of distribution made of the estate of Barbara Herr, be reversed and set aside so far as relates to the share awarded to Benjamin Eshelman; and that said share be distributed *pro rata* among the other distributees named in said report, and that the costs of this appeal be paid by the appellee.

KNOX, J., dissented.