## ESTATE OF WILLIAM MORRISON, DECEASED.

APPEAL BY E. C. CHURCH ET AL. FROM THE ORPHANS' COURT
OF ALLEGHENY COUNTY.

[Argued November 6, 1890—Decided January 5, 1891.]

(*a*) A will provided: "I have a number of nephews and nieces living in
different parts of the country, and whose names and places of residence
I am not able to state accurately ; to each of them I bequeath the sum
of $10,000 : " followed by alternative dispositions in case " any of them "
should die before the testator, or fail to make demand within two years :

1. In such case, the testator having a number of nephews and nieces liv-
ing at the date of his will, the language of which was plain and unam-
biguous, the children of nephews and nieces who, at the date of the
will, were dead, were not entitled to the bequest which their parents
would have received if then living.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WIL-
LIAMS, McCOLLUM and MITCHELL, JJ.

No. 218 October Term 1890, Sup. Ct.; court below, No. 55
January Term 1890, O. C.

On February 17, 1890, the second and final account of John
A. Harper and George Shiras, Jr., executors of the estate of
William Morrison, deceased, showing a balance due the estate
of $125,095.88, was called for audit. At the hearing, it was
made to appear that William Morrison died leaving a will
dated February 5, 1887, duly admitted to probate on February
3, 1890, containing a paragraph bequeathing legacies to neph-
ews and nieces "living in different parts of the country," whose
names and residences he was not able to state, with certain
alternative dispositions. This paragraph is quoted fully in the
opinion of the Supreme Court. Ernest C. Church and others,
children of Elizabeth Ann Church, a niece of the testator who
died at some date prior to the date of said will, claimed to be
entitled to the $10,000 bequeathed in said paragraph.

The court made distribution to such of the testator's nephews
and nieces as were living at the date of the will, disallowing
the claim to participate made by Ernest C. Church et al., who
thereupon filed exceptions. The exceptions having been ar-
gued, the court, on September 2, 1890, filed an opinion, citing

Opinion of the Court.

Hancock's App., 112 Pa. 532; Schouler on Wills, 476 ; Craige's App., 126 Pa. 231; Gray v. Gorman, 26 Eng. Ch. (2 Hare) 268, and entered a decree dismissing the exceptions and confirming the distribution. Thereupon, the exceptants filed this appeal, specifying said decree for error.

*Mr. W. B. Rodgers*, for the appellants.

Counsel cited: Blackmore v. Hickman, 81* Pa. 288 ; Adams's Est., 16 W. N. 272; Long v. Labor, 8 Pa. 229; Lapsley v. Lapsley, 9 Pa. 131 ; Loring v. Thomas, 1 Drew & S. 497; Chapman's Will, 32 Beav. 382; Parsons v. Gulliford, 10 Jur., N. S., 231; Potter's Trust, L. R. 8 Eq. 52; Adams v. Adams, L. R. 14 Eq. 246 ; Sibley's Trust, L. R. 5 Ch. D. 494; Phillips v. Phillips, 10 Jur. 1173 (?); Bronson v. Phelps, 58 Vt. 612; Christopherson v. Naylor, 1 Mer. 319.

*Mr. W. K. Shiras* (with him *Mr. C. C. Dickey*,) for the appellees :

Counsel cited: Craige's App., 126 Pa. 223; Schouler on Wills, 476; Christie v. Phyte, 19 N. Y. 448; Blogge v. Wills, 1 Story 426; Nightingale v. Sheldon, 5 Mas. 336; Collin v. Collin, 1 Barb. Ch. 630 (45 Am. Dec. 420); 1 Jarman on Wills, *319; Jarratt v. Neblock, 5 Eng. Ch. 629; Anshutz v. Miller, 81 Pa. 212; Gray v. Gorman, 26 Eng. Ch. (2 Hare) 268 ; Thornhill v. Thornhill, 4 Mad. Ch. 199; Hough v. Hough, 4 R. 363; Hunt's Est., 133 Pa. 260.

OPINION, MR. JUSTICE STERRETT :

In the fourth paragraph of his will, executed January 5, 1887, the testator, William Morrison, provided as follows :

" I have a number of nephews and nieces living in different parts of the country, and whose names and places of residence I am not able to state accurately. To each of them I bequeath the sum of ten thousand dollars ($10,000.) If any of them should die before me, the legacy of those so dying to be paid to their children in equal shares. If they die leaving no children, then the legacies to go equally to the remaining nephews and nieces. If any of my said nephews and nieces, or their children, do not make themselves known to my executors, and

demand and receive their legacies within a period of two years after my decease, then I direct that such legacy or legacies shall lapse into my residuary estate; but I direct my executors to make all reasonable efforts to communicate with all of my said nephews and nieces, so as to enable them to receive what I have bequeathed them."

When the will was executed, twenty-six of testator's nephews and nieces were living. Three others, one of whom was the mother of appellants, had previously died, leaving children. The only question was, whether, under the provisions of the paragraph above quoted, appellants were entitled to participate in the distribution. The Orphans' Court was of the opinion that they were not, and hence their claim as distributees was rejected.

The only error assigned is the refusal of the court to distribute to appellants the sum of $10,000. There is no apparent reason why the testator should discriminate in favor of the children of such nephews and nieces as were living at the date of his will, and against the children of those who died before; nor is it necessary that any reason should be shown. If it clearly appears that such was his intention, further inquiry is unwarranted.

The language employed by the testator is plain and unambiguous, and cannot, by any recognized rule of construction, be made to embrace either the appellants or their deceased mother. In the first place, he says he has " a number of nephews and nieces living in different parts of the country," whose names and places of residence he is " not able to state accurately." In making that declaration, he manifestly had in mind nephews and nieces then living. No reference whatever is made to deceased nephews or nieces, or their surviving children. The language is so plain, and so entirely free from anything like ambiguity, that we are forced to the conclusion that he meant nephews and nieces then in esse. They, and they alone, appear to be primarily the objects of his intended bounty in the clause under consideration. To each of them he bequeaths the sum of $10,000; and then, in the same line of thought, it occurs to him that some of those beneficiaries may pre-decease him, and, to provide for that contingency, the substitutionary bequest to their children is made. In case any of the said

Statement of Facts.

nephews and nieces die leaving no children, then the legacy is to go equally to the remaining nephews and nieces. Again; in specifying the contingency in which "such legacy or legacies shall lapse," and in directing his executors "to make all reasonable efforts to communicate with all my said nephews and nieces," etc., he must have meant, exclusively, nephews and nieces living at the time the will was executed. In every reference to the objects of his bounty, and in every provision contained in the paragraph under consideration, that thought is clearly and prominently presented. If he had intended to provide for the surviving children of nephews or nieces who died before the will was made, he would doubtless have done so in language that could not be misunderstood.

Any other conclusion than that reached by the court below would have been contrary to the well-settled rules of construction.

> Decree affirmed and appeal dismissed at appellants' costs.

Argued November 6, 1890—Decided January 5, 1891.