### Irwin's Estate.

674

*James W. Laws* and *Daniel C. Donoghue* (of *Donoghue, Gibbons & Donoghue*), for exceptants.

*Sidney E. Smith* and *Newbourg, Butterworth & Grubb*, contra.

STEARNE, J., Jan. 9, 1931.—Testator provided that $40,000 should be placed in trust for the benefit of his wife for life, and upon her death (which has occurred) said fund was to be paid "to my children absolutely who shall be living at the time of my death and to the legal issue of any deceased child or children who shall as aforesaid survive said date by way of representation of such child or children."

One of testator's children, prior to the date of the will, predeceased him, leaving two children to survive. These grandchildren are provided for *nominatim* in other items of the will. Exceptants contend that these grandchildren are not entitled to participate in the distribution of the present trust fund.

It seems clear that testator contemplated a distribution, upon the death of his widow (the life tenant), among his surviving children and the issue, by representation, of his deceased children. There is no warrant to exclude

issue of a deceased child merely upon the ground that such deceased child happened to die in the lifetime of the decedent.

Exceptants recite numerous rules of grammar tending to establish that the correct grammatical construction of the sentence would limit the issue 'entitled to take to issue of a deceased *child* who had survived the testator. In other words, the *child* of such testator must survive the decedent before the issue of such child could take. It is to be observed, however, that should such a construction be accepted, such words as dispository provisions would be rendered meaningless. A surviving child by the immediately preceding clause has already been given a vested share. As such child would be living at the time of the testator's death, and, therefore, entitled to take, the clause respecting his issue would then, of course, be of no effect. We can attribute no intention to a testator of writing meaningless words in his will when another construction gives such words intelligent and proper meaning. The use of incorrect or inaccurate language cannot defeat a testator's plain intent: 1 Page on Wills (2nd ed.), § 825.

While not argued by counsel for exceptants, either before the court *en banc* or the Auditing Judge, the principle of Kessler's Estate, 288 Pa. 91, has been invoked. A careful reading of Kessler's Estate convinces us that there the testator, by his holographic will, intended to limit its provisions to his children, to the exclusion of his grandchildren, children of a child who was deceased at the time of making the will and where such grandchildren were specifically provided for.

The exceptions are dismissed and the adjudication is confirmed absolutely.