## Whitman's Estate

Before Van Dusen, P. J., Stearne, Sinkler, Klein, Bolger, and Ladner, JJ.

*Nochem S. Winnet,* for exceptant.

*Laurence H. Eldredge* and *Robert T. McCracken,* contra.

KLEIN, J., May 28, 1937.—The learned auditing judge, after careful consideration, concluded that Anna Whitman, testatrix's daughter-in-law, was not entitled to the principal of this estate as she claims. We think he has properly disposed of the narrow question involved.

Mr. Winnet, learned counsel for the daughter-in-law, argued ably and persuasively in support of his client's position, but we are not convinced that the auditing judge was in error.

The language used by testatrix was plain and we must give it its plain meaning. The gift to the wife of the son

was contingent upon the happening of two events: (1) The son's death leaving "wife and lawful issue", and (2) the death of such issue during minority. Since no issue ever was born of this marriage, the conditions upon which the wife's claim rests have never occurred, and she is not entitled to participate in the estate.

We agree with the auditing judge that we cannot construe the expression "die leaving wife, and lawful issue" to mean "die leaving wife, or lawful issue". The substitution of the word "or" for "and" can only be made in such cases where it is absolutely necessary to do so to support the evident meaning of testator. This is not such a case: See Golden's Estate, 320 Pa. 4 (1935), cited in the adjudication.

When decedent died in 1900, her son was unmarried. He did not marry exceptant, who was unknown to testatrix, until 1912. With this in mind, a careful reading of the will convinces us that testatrix did not intend any future daughter-in-law to participate in her estate unless her son's marriage was consummated by the birth of "lawful issue". If such issue were born, then the daughter-in-law, upon the death of the son, would be entitled to receive benefits under the will. But if no children were born of this marriage the daughter-in-law took nothing.

The interest of the daughter-in-law in this estate is similar to the right of curtesy which a husband had at common law, in that, in order to vest, it required the birth of issue as a condition precedent.

It is natural to assume that decedent's interest was primarily in her son and his children, her grandchildren. The daughter-in-law was of secondary interest. However, if children were born of the marriage a new situation was created. In addition to the family becoming more closely knit together, the son's wife would become the natural guardian of the children in the event of his death. Upon her would fall the responsibility of maintaining and educating the offspring.

Testatrix, almost prophetically, safeguarded her estate from a situation such as actually is disclosed by the stipulation entered in this case. Her son's marriage was a failure. He lived with his wife only a little over six months and they then separated. In 1915, divorce proceedings were actually commenced and a master recommended a divorce. For some reason, not appearing in the record, the court of its own volition reversed the master and dismissed the libel. The wife thereupon, being under the mistaken belief that she was divorced, entered into a bigamous marriage. Surely it cannot be argued that decedent intended to provide for this stranger who so casually flitted across the path of her son's life.

We cannot agree with counsel that, under the circumstances of this case, an interpretation must be followed which favors the daughter-in-law. Nor can we accept Rutland et al. v. Emanuel, 202 Ala. 269, 80 So. 107, as sufficient authority to support his contention.

Having reached the conclusion that the daughter-in-law has no interest in this estate, we have refrained from inquiring further into the correctness of the distribution directed in the adjudication, because no exceptions have been filed thereto by any party in interest.

The exceptions are therefore dismissed and the adjudication confirmed absolutely.