## Wetherill Estate

Before Sinkler, P. J., Klein, Bolger, Ladner, Hunter and Boland, JJ.

*Benjamin M. Kline*, for exceptants.

*T. Ewing Montgomery*, contra.

KLEIN, J., December 2, 1949.—Vested or contingent, contingent or vested? That is the perennial question.

Catharine S. Wetherill, testatrix, died September 2, 1911. The sixth paragraph of her will provides as follows:

"All the rest residue and remainder of my estate, real, personal and mixed of every kind whatsoever and wheresoever situate, I give, devise and bequeath unto the Pennsylvania Company for Insurance on Lives and Granting Annuities, *IN TRUST NEVERTHE-LESS*, for the following uses and purposes and none other; to invest the same and to pay the net income and interest therefrom arising to my brother, Henry J. Schaefer, for and during the whole term of his natural life, and from and immediately after the death of the said Henry J. Schaefer, then to pay the net income and interest therefrom arising unto my mother, Margaret B. Schaefer, for and during the whole term of her natural life, should she survive the said Henry J. Schaefer, and from and immediately after the death of my mother, Margaret B. Schaefer, then to pay the principal of the said TRUST *to Percy C. Browne, or his heirs*, absolutely and in fee simple and free and discharged of this TRUST." (Italics supplied.)

Henry J. Schaefer, testatrix's brother, died May 28, 1948. Margaret B. Schaefer, her mother, died March 30, 1926. Percy C. Browne survived testatrix but died August 15, 1943, in the lifetime of Henry J. Schaefer, the primary life tenant, leaving two children, Hardwick L. Browne and Percy C. Browne, Jr.

In October 1938 Percy C. Browne assigned to Samuel J. Henderson $1,000 of his interest in the trust estate with interest thereon at six percent per annum. Thereafter, in November 1938, he assigned another $1,000 of his interest in the estate, subject to the previous assignment, to C. Shillard Smith. Browne's children, who were minors at the time, gave their written assent to this assignment.

At the audit of the trustee's account the validity of the two assignments was challenged on two grounds: (1) That Percy C. Browne's remainder interest in this estate was contingent upon his surviving the life tenant, and since he died in the lifetime of the life tenant, his estate never vested and he had nothing to assign; (2) that the joinder of the minor children in the second assignment was nugatory and of no effect by reason of the fact that they were minors at the time the assignment was made and had not ratified their acts after reaching their majority.

The auditing judge sustained both of these contentions; hence, these exceptions.

A long line of decisions in this State have firmly established the principle that a gift to "A or his heirs" following a life estate vests the gift in the remainderman if he survives testator, even though he dies during the lifetime of the life tenant, unless an intention to the contrary plainly appears from the instrument creating the gift.

The learned Judge Penrose reviewed this question in Bowlby's Estate, 4 Dist. R. 108 (1895). He said at page 109:

"The doctrine of the English decisions with regard to heirs taking substitutionally under gifts, preceded by a prior estate, to one 'or his heirs,' has not been followed in Pennsylvania (Patterson v. Hawthorn, 12 S. & R. 112; King v. King, 1 W. & S. 205; McGill's Appeal, 11 Smith, 46; Reed's Appeal, 3 Crumr. 215). The word 'heirs' is, prima facie, a word of limitation, and will be construed in its technical sense unless an intention to the contrary is plainly manifested; and where it follows a gift absolute in its terms, except so far as the limitation to 'heirs' of the legatee, in itself, gives rise to question, the principle adopted in Pennsylvania is to treat the limitation to heirs as merely expressing what the law would imply without it, and not as intended to reduce the gift to the ancestor to a life estate or to an estate defeasible in the event of his death before the expiration of the prior interest. A clear gift will not be cut down by words of apparent modification unless the intention to modify is free from reasonable doubt (Sheetz's Appeal, 1 Norris, 215; Engles's Estate, 3 District Reps. 397). 'The leaning in favor of vesting and against a construction which would postpone the absolute enjoyment, and indeed keep in suspense the nature of the interest bestowed . . . operates powerfully' in questions of this character (Home v. Pillans, 2 My. & K. 21; Amelia Smith's Appeal, 11 Harris, 9; Mengel's Appeal, 11 Smith, 249)."

The firmness with which this principle has become imbedded in our law is illustrated by what Judge Parker said in Knerr's Estate, 130 Pa. Superior Ct. 383 (1938), at page 387:

"If there be any doubt as to the vesting of the controverted interest and the meaning of the phrase 'or his heirs' it was settled by Golden's Estate, 320 Pa. 4, 181 A. 484. There the will provided: 'I wish to leave my wife Winnie Golden all my possessions dur-

ing her lifetime after which I leave share & share alike to all my children or their heirs, except Robert who is to receive $10,000 more than the rest without restrictions.' The testator left to survive him two sons, one daughter and five grandchildren, children of a son and daughter who died before the testator. It was held that the three living children and the spouses and children of the two deceased children took vested interests. In other words, the persons entitled to take were determined as of the date of the testator's death and the vesting was fixed accordingly."

To the same effect see Muhlenberg's Appeal, 103 Pa. 587 (1883) ; Crawford's Estate, 17 Pa. Superior Ct. 170 (1901).

The auditing judge, in reaching his conclusion that Percy C. Browne's interest was contingent and not vested, relied on Feeney's Estate, 293 Pa. 273 (1928), and Baumann v. Baumann, 63 D. & C. 681 (1948).

We have examined these two cases carefully and think that they can be readily distinguished from the present case. In each of these cases the decision is predicated upon a finding by the court that a study of the will in its entirety clearly indicated an intention by testator that the gift should be contingent and not vested.

In Feeney's Estate, supra, Chief Justice von Moschzisker said at page 282:

"When the present will is examined, however, it shows that testator knew precisely how to create a fee simple estate when he so intended. In two other paragraphs of the will he states that the respective beneficiaries named by him are to take 'absolutely in fee simple,' and, in the very paragraph wherein he mentions his six residuary legatees by their respective names, he gives a one-seventh interest to each of them and to 'their heirs and assigns forever.' Therefore,

when testator said, in the particular paragraph now before us for construction, that the estate was ultimately to be paid to his 'residuary legatees or their heirs,' it is evident he meant that the heirs of such residuary legatees were to take as substitutionary legatees if the named legatees themselves were not alive to take at the death of the children of the life tenant, respectively."

In Baumann v. Baumann, supra, the opinion concludes with the following statement:

"We have considered this case from all angles. We believe that when the will is read in its entirety and interpreted in the light of the circumstances surrounding testator the conclusion is inescapable that the remainder to John J. Baumann was contingent upon his being alive to take at the termination of the life estates and that he never acquired any vested interest. The contingencies under which he was to take never happened in his lifetime; hence, under the substitutionary devise in the will the real estate passes to Wiliam C. Baumann, the only heir of John J. Baumann."

We have examined Catharine S. Wetherill's will carefully in its entirety and fail to find a single suggestion or indication that she intended the gift to Percy C. Browne to be contingent upon any event other than his surviving her. Under these circumstances, we are led inescapably to the conclusion that the gift to Percy C. Browne was vested and that the two assignments he executed were valid and binding.

By reason of this conclusion, the effect of the joinder of the minor children of Percy C. Browne to the second assignment becomes moot. We, therefore, will not discuss this question in this opinion.

The exceptions are therefore sustained, and the adjudication, as modified by this opinion, is confirmed absolutely.