344 A.2d 817

ESTATE of Annie M. McAFEE, Deceased, late of East Nantmeal Township.

Appeal of Shirley HOYER et al.

Supreme Court of Pennsylvania.

Argued Jan. 20, 1975.

Decided Oct. 3, 1975.

Kenneth L. Pocrass, Lieberman, Dimitriou & Kramer, Gerald S. Zember, Reading, for appellants.

Fred T. Cadmus, III, Cadmus & Patten, West Chester, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION

JONES, Chief Justice.

Annie McAfee died at the age of eighty-two on March 28, 1972, leaving a holographic will dated November 28, 1964. Testatrix's will provided as follows:

> "This is my wish and desire all my personal and realstate [sic] property I leave to my children to dispose of as they see fit.
>
> After Thomas my son has been libiraly [sic] payed [sic] for careing [sic] for me the remainder devided [sic] among the other children. In case any of them become deceased before me their children to claim his or her share."

At the time the testatrix executed her will, five of her six children were living. The sixth child, George J. McAfee, had died on November 5, 1948, sixteen years before the execution of the will. George J. McAfee left surviving three children, appellants in this case, who were living at the time of testatrix's death.

At the audit of the first and final account of testatrix's estate, appellants alleged, *inter alia,* that they had been improperly excluded as legatees under the will, the

entire estate being divided among the five surviving children of the testatrix. A hearing was held at which the auditing judge concluded that the testatrix did not intend to include appellants as beneficiaries of her estate. Exceptions followed and subsequently were dismissed. This appeal followed.

■ The question raised on appeal is a narrow one. May the grandchildren of the testatrix, children of a son who died prior to the execution of the testatrix's will, take the share of their deceased father by representation per stirpes?

■ It is well settled that in interpreting a will, the controlling element is the intention of the testatrix. *Hamilton's Estate,* 454 Pa. 495, 312 A.2d 373 (1973). In *Houston Estate,* 414 Pa. 579, 201 A.2d 592 (1964), we said:

> "It is now hornbook law (1) that the testator's intent is the polestar and must prevail; and (2) that his intent must be gathered from a consideration of (a) all the language contained in the will and (b) his scheme of distribution and (c) the circumstances surrounding him at the time he made his will and (d) the existing facts; and (3) that technical rules or canons of construction should be resorted to only if the language of the will is ambiguous or conflicting, or the testator's intent is for any reason uncertain." (Citation omitted.) 414 Pa. at 586, 201 A.2d at 595.

In the instant case, both counsel for the estate and counsel for appellants contend that the will is unambiguous and that no reference need be made to technical rules of construction. We agree.*

---

* Appellee cites for consideration the following proposition: "[W]hen the gift is to a class, issue will not take the ancestor's share unless the ancestor was living when the will was written or was born thereafter prior to the Testatrix [sic] death." Appellee's Brief p. 4, *citing* Commissioner's Comment to Wills Act of April 24, 1947, P.L. 89, 20 P.S. § 180.14(8). Since in the present

In *Schappell Estate,* 424 Pa. 390, 227 A.2d 651 (1967), this Court permitted the issue of a child who had died prior to the execution of the testator's will to take under the will. The testator's will provided:

" . `. . I give, devise, and bequeath to my dear wife Stella J. Schappell, however should my wife Stella J. Schappell predecease me in death I then give, devise and bequeath the same to *my children,* same to be divided equally share and share alike, *and if any of my children shall predecease me* in death, *his or her share shall be divided equally amongst their issue."* 424 Pa. at 391, 227 A.2d at 652.

The McAfee will is the substantial equivalent of the Schappell will, the words in Annie McAfee's will indicate that the testatrix's intent was to provide for an equal distribution to each of her children with the exception of Thomas, who was clearly not to benefit from the residual distribution. Thus, the testatrix left on a per capita basis, as did the testator in *Schappell's Estate,* all her real and personal property for the benefit of all her children.

case we find the testatrix's intention unambiguous, there is no need to rely upon this technical rule of construction which was originally laid down in *Christopherson v. Naylor,* 1 Mer. 321, 35 Eng.Rep. 693 (Ch.1816).

At any rate, an examination of our prior cases will demonstrate that where the will is unambiguous we have only reached the *Christopherson* result where the words of the will specifically indicate an intent to exclude the heirs of a predeceased child. Thus, in *Barbara Herr's Estate,* 28 Pa. 467 (1857), this Court reached the *Christopherson* result and excluded an heir who was attempting to take by representation the share of a member of the class who was deceased when the will was written because the will contained an independent provision in the heir's favor, specifically stated to be his share "in Full." *See also Harrison's Estate,* 18 Pa.Super. 588, *aff'd,* 202 Pa. 331 (1902), and *Kessler's Estate,* 288 Pa. 91, 135 A. 618 (1927). A similar result was reached when a testator, in describing a class, specifically referred to *living* members of that class. *Estate of William Morrison,* 139 Pa. 306, 20 A. 1057 (1890).

For examples of cases where the heirs of a predeceased child were permitted to take, see *Golden's Estate,* 320 Pa. 4, 181 A. 484 (1935), *Sorver v. Berndt,* 10 Pa. 213 (1849), and *Long v. Labor,* 8 Pa. 229 (1848).

The words used in this section of the McAfee will do not limit the members of the class of children. Rather, that section reflects the testatrix's intent that her child or, if they die, their children will not be restricted in the disposition of her assets. Thus, consistent with *Schappell*, testatrix's deceased son, George, is included within the class of children.

As in the Schappell will, testatrix next provided on a per stirpes basis for the benefit of the family line of her children who predeceased her but who left children surviving, to continue the existence of their geneological branches. It is clear that it was the testatrix's intent that the appellants take their father's share by representation and per stirpes. The words of the McAfee will, " . . . in case any of them *become* deceased before me," are equivalent to the language used in the Schappell will, " . . . if any of my children *shall* predecease me." (Emphasis added.) Here, since George fits within that class of children who predeceased the testatrix, his children take by representation and per stirpes under the will. This interpretation produces virtual equality, while the result of the Orphans' Court produces gross inequality—a result to be avoided if possible. Furthermore, if there is any doubt the interpretation which gives perfect equality and which most nearly conforms to the intestate laws is preferred. 424 Pa. at 393, 227 A.2d at 653; *see also Newlin Estate,* 367 Pa. 527, 80 A.2d 819 (1951); *Laughlin Estate,* 354 Pa. 43, 46 A.2d 477 (1946).

A testatrix, of course, is free to confer her bounty unequally or discriminatorily, but unequality or discrimination will not be presumed unless the intention to do so is manifest. *Schappell Estate,* 424 Pa. 390, 227 A. 2d 651 (1967), and *Grothe's Estate,* 229 Pa. 186, 78 A. 88 (1910).

Decree reversed and case remanded for an accounting consistent with this opinion. Parties to bear own costs.

O'BRIEN and ROBERTS, JJ., concur in the result.

MANDERINO, J., filed a dissenting opinion in which EAGEN, J., joined.

MANDERINO, Justice (dissenting).

The majority cites *Schappell Estate*, 424 Pa. 390, 227 A.2d 651 (1967), in support of its claim that the issue of a child who predeceases the execution of the will are entitled to a share of the residuary estate. In *Schappell*, we said,

> " 'It is now hornbook law (1) that the testator's intent is the polestar and must prevail; and (2) that his intent must be gathered from a consideration of (a) all the language contained in the four corners of his will and (b) his scheme of distribution and (c) the circumstances surrounding him at the time he made his will and (d) the existing facts; and (3) *that technical rules or canons of construction should be resorted to only if the language of the will is ambiguous or conflicting, or the testator's intent is for any reason uncertain.*' " (Emphasis in original.)

*Id.* at 392, 227 A.2d at 652.

A reading of the language used in the challenged will in *Schappell Estate* showed that testator intended to include within the residuary devise a gift to the issue of his child who had died prior to the execution of the will.

Contrasting the language of the instant will, and the circumstances surrounding its execution, with those factors as they appear in *Schappell Estate* will illustrate that the decree of the Orphans' Court should be affirmed.

The factual situation dealt with in *Schappell* was stated by the court as follows,

> "Isaac D. Schappell died in his 80th year on November 2, 1964, leaving a will dated January 27, 1954. He had been married twice; his first wife was Nora, who died in 1909, and his second wife Stella, who died in

1956. Isaac had one child by Nora, a daughter also named Nora. Daughter Nora was born in 1909 and died in 1933, leaving to survive her a daughter Roselyn (now Dunkelberger), who survived both her mother and her grandfather Isaac. Isaac had five children by his second wife Stella. Stella predeceased Isaac but was living at the time he made his will; their five children survived him.

"In Item 1 of his will testator gave a legacy of $300 to his granddaughter Roselyn. He then made the following disposition of his residuary estate: 'ITEM 2: As to the rest residue and remainder of my estate, either real, personal, or mixed, I give, devise, and bequeath to my dear wife Stella J. Schappell, however should my wife Stella J. Schappell predecease me in death I then give, devise and bequeath the same *to my children,* same to be divided equally share and share alike, *and if any of my children shall predecease me* in death, *his or her share shall be divided equally amongst their issue.*' " (Emphasis in original.)

Id. at 391, 227 A.2d at 652.

Two factors, present in *Schappell* and absent in the instant case, indicated testator's intent to include the issue of his daughter Nora: (1) he expressly recognized Roselyn's presence in "Item 1"; (2) the record indicated that the testator's relationship with Roselyn was "harmonious." Additionally, testator in *Schappell* referred to the class to which he gave the residuary as "*my* children." If he had intended the residuary to pass only to those children born of his marriage to Stella, it would have been more reasonable, in the context of Item 2, for testator to use language such as "*our* children."

In the McAfee will, testatrix used language, not present in the *Schappell* will, which indicated that she intended her gift to pass to her *then living* children or their issue if they predeceased her: (1) The words "my children" in the first paragraph, are followed by "to dis-

pose of as they see fit." Looking at such language from the point of view of the testatrix, it is unreasonable to assume that it evidences an intent that her deceased son, George, participate in the disposition and distribution of her estate; (2) the reference in the second paragraph to the then living son Thomas is followed by the language "the remainder devided [sic] among *the other children.*" The phrase *"the other children"* seems clearly to be a reference to *the* other *then living* children, who, according to the first paragraph of the will, were to make the decision as to how to dispose of testatrix's property after she died. This conclusion is supported by the language in the last sentence. "In case any of *them become* deceased," which indicates testatrix's recognition of the possibility that one or more of her then living children might predecease her at some time in the future. *Schappell Estate* is therefore clearly distinguishable and not authority for the relief sought by appellants here.

Even if we were to conclude that the language of the will is unclear as to whether testatrix intended her deceased son George, to share in her will, so that it became necessary to apply a rule of construction, the result would remain the same. As stated in the Comment to the *Wills Act of 1947,* Act of April 24, 1947, P.L. 89, § 14 (20 P.S. § 180.14 Repealed by Act of June 30, 1972, P.L. 508, No. 164),

" . . . when the gift is to a class, issue will not take the ancestor's share unless the ancestor was living when the will was written or was born thereafter prior to testator's death." *See also,* 6 A.L.R.2d 1347, § 5.

For these reasons, I believe the language of the McAfee will clearly indicates testatrix's intent that her estate be distributed as found by the Orphans' Court, and its decree should be affirmed.

EAGEN, J., joins in this dissenting opinion.