## Crozer's Estate.

*Wills—Bequests—Residuary bequests — Brothers and sisters — Gifts to individuals—Gifts to class—Lapsed legacies—Acts of May 6, 1844, P. L. 564, and July 12, 1897, P. L. 256—Construction—Intention.*

1. A testator dying without issue bequeathed "to my three brothers and two sisters my one-sixth undivided part of the furniture, etc., at my home in Upland, which I received from my mother's estate, and which I own in common with them. ITEM—All the rest, residue and remainder of my estate, I give and bequeath to my two sisters and three brothers absolutely." Two of testator's brothers predeceased him, one leaving issue. The surviving brother and sisters contended that the gift of the residue was to the legatees as a class and that upon the death of a member of the class during testator's lifetime his share vested in the surviving members of the class. The issue of the deceased brother claimed their par-

ent's share. *Held,* that the gift was to individuals and not to a class and that the issue of the deceased brother were entitled to their parent's share.

2. The Act of July 12, 1897, P. L. 256, relating to lapsed legacies and devises, does not repeal but reënacts the Act of May 6, 1844, P. L. 564, Séction 2, providing that no devise or legacy hereafter made in favor of a brother or a sister, such testator not leaving any lineal descendants, shall be deemed or held to lapse or become void by reason of the decease of such devisee or legatee in the lifetime of the testator, if such devisee or legatee shall leave issue surviving the testator.

Argued Feb. 5, 1917.   Appeals, Nos. 153, 284, 294, 295, 299 and 324, Jan. T., 1916, by George K. Crozer, Emma C. Knowles and J. P. Crozer Griffith, Executor of Elizabeth C. Griffith, deceased, from decree of O. C. Delaware Co., No. 10340, dismissing exceptions to report of auditor, in Estate of Robert H. Crozer, deceased.   Before BROWN, C. J., MESTREZAT, STEWART, MOSCHZISKER and WALLING, JJ.   Affirmed.

Exceptions to report of Josiah Smith, Esq., Auditor. JOHNSON, P. J., filed the following opinion:

The testator, by his will, after giving sundry legacies to his three brothers and two sisters, naming them, and after bequeathing in the following words: "I give and bequeath to my three brothers and two sisters, my one-sixth undivided part of the furniture, etc., at my home in Upland, which I received from my mother's estate, and which I own in common with them," disposes of the residue of his estate in the following words: "All the rest, residue and remainder of my estate, I give and bequeath to my two sisters and three brothers absolutely."

The question has arisen in the distribution of the estate whether by these clauses the gifts are to testator's three brothers and two sisters individually or as a class. The auditor has decided that the gifts are to them individually and made distribution accordingly and exceptions have been filed to this conclusion,

If these gifts are to the three brothers and two sisters as a class, the auditor's distribution is wrong.

If, on the other hand, these gifts are to them as individuals, there arises a second question, Was the Second Section of the Act of May 6, 1844, P. L. 564, repealed by the Act of July 12, 1897, P. L. 256? Stewart's Purdon, Vol. IV, page 5143, pl. 22.

If it was so repealed, then the auditor's distribution is wrong, otherwise it is correct.

To sustain the auditor requires an affirmative answer to the following two propositions:

1. The gifts to the three brothers and two sisters of the testator were to them as individuals.

2. The Act of 1897 did not repeal the Act of 1844. The auditor has addressed to the solution of these questions a great deal of painstaking labor and research, and fortified his conclusion by an exhaustive citation of the authorities. Agreeing as we do with his conclusions, it is unnecessary for us to review his report with any great degree of detail.

The object to be obtained is the ascertainment of the intent of the testator, to be gathered from the language of his will, with the aid of his surrounding circumstances. He was a very wealthy man, and a bachelor. He executed his will in 1888 with a codicil in 1893, and died in 1914, seventy-three years of age. At the date of his will his parents were dead. At that time and also at the date of the codicil, he had three living brothers and two sisters. One of these brothers, J. Lewis Crozer, died in 1897, without children. Another brother, Samuel A. Crozer, died in 1910, leaving children. His other brother, George K. Crozer, and his two sisters, Elizabeth C. Griffith and Emma C. Knowles survived him.

By his will he gave legacies of ten thousand dollars, each, to his brothers, Samuel A. and J. Lewis, naming them, and then, conscious that he was about to give munificent legacies to his sister, Elizabeth C., and her children, and to his brother, George K., and his children,

and to his sister, Emma C., and her children, he takes
occasion to say in his will that these legacies of ten thou-
sand dollars are comparatively small, that is to say, com-
pared with those about to be given to the others, and that
they are made thus comparatively small for reasons
which he states, and then to avoid an inference that the
distinction is attributable to any difference in regard for
them, he says, "My love for all my brothers and sisters is
strong and deep."

He then gives to his sister, Elizabeth C., naming her,
and her children, legacies amounting to two hundred and
fifty thousand dollars, also to his brother, George K.,
naming him and his children, a like sum, and also to his
sister, Emma C., naming her and her children, a like sum.

Then after a number of legacies come these two
clauses, which have been referred to, and which produce
this controversy:

"Item. I give and bequeath to my three brothers and
two sisters my one-sixth undivided part of the furniture,
etc., at my home at Upland, which I received from my
mother's estate and which I own in common with them."

"Item. All the rest, residue and remainder of my es-
tate I give and bequeath to my two sisters and three
brothers absolutely."

Did the testator intend these gifts to the donees to be
to them as a class or as individuals? It would scarcely
occur to the average mind that these gifts were other-
wise than the ordinary gifts to them as individuals.
What did the testator intend in 1888, when the will was
executed? Did he have them in mind as a class? If he
had in mind to treat them as a class then he intended
that only those who survived him should take, and the
children of those who predeceased him should be ex-
cluded; but he said that his love for all of them was
deep and strong. Moreover if a class were intended, it
was not known in 1888, but that J. Lewis Crozer might
be the only one of the class to survive him, and he had
been childless for many years. What he might do with

the testator's estate would be quite uncertain. This would provoke a critical commentary upon the testator's expression of equality of love for all of his brothers and sisters. And that is not all, for if the whole class should predecease him, then he would die intestate as to the residue of his estate, a conclusion of construction most strongly to be avoided; a cardinal canon of construction.

A class is indeterminate in number at the date of the will which may be enlarged or diminished, and finally determined at the death of the testator. We have here the definite number five, incapable of enlargement. True, the number may be decreased by death. But the number of shares remain the same, if those dying leave children. If those dying should not leave children, there would be an intestacy to that extent. But such intestacy as to a possible share or shares is not so serious as a possibility of an intestacy of the entire residue above alluded to.

Gross' Est., 10 Pa. 360, has been in the lime-light of the argument of counsel. But that is quite a different case from this. There the gift was to brothers' and sisters' children, which could not be definitely fixed until testator's death. Hence the children of a deceased brother and sister, dying before the testator, although living at the date of the will were excluded.

A testator's legal intention is to be gathered from the state of the law at the date of the will regardless of what it was at the date of his death: Martindale v. Warner, 15 Pa. 471; Hood v. Penna. Society to Protect Children from Cruelty, 221 Pa. 474; 26 American Annotated Cases, 1913 A, page 1290. If these were not class gifts, then this testator legally intended under the Act of May 6, 1844, that if any of his brothers and sisters should die in his lifetime leaving children they should take their parent's share, and that such was not his actual intent there can be no tenable question. He had them in mind as individuals; he names them in his will; he states their number; they were all the brothers and sisters he

had or could have; he individualizes them by sex; they were all personally near to him; it was not that sisters should take if the brothers were dead, nor that brothers should take if the sisters were dead, but it was sisters and brothers who were to take; it was not that one sister was to take if the other were dead nor that one or two brothers were to take if one or two were dead, but it was his two sisters and three brothers who were to take.

It is true that where there is a general gift to brothers and sisters, the child of a sister who was dead at the date of the will is not entitled: Guenther's App., 4 W. N. C. 41, but the reasoning of Judge PENROSE in Reynold's Est., 11 Pa. D. R. 387, is quite convincing that where the gift is to brothers and sisters, the parents being dead, it is a gift to them as individuals. The same reasoning was applied by the same judge to the brothers and sisters of a legatee for life: Wenzel's Est., 12 Pa. D. R. 63; and again to nephews and nieces, where the number is incapable of enlargement in Cooper's Est., 29 Pa. C. C. 425.

We have therefore concluded that the auditor's conclusion that these gifts were to the donees as individuals, and not as a class, is correct.

It only remains to refer briefly to the contention that the Act of May 6, 1844, has been repealed by the Act of July 12, 1897. We are only concerned with the provision respecting the lapse of the legacy to Samuel A. Crozer. There has never been a moment of time since May 6, 1844, to the present time, when it has not been the law that a legacy by a testator without lineal descendants to a brother dying during testator's life, leaving issue surviving the testator does not lapse, but enures to such issue. The Act of 1897, reënacts the Act of 1844 in this respect.

How can it be that the reënactment of the law repeals it, and this by implication? The question echoes the answer. The auditor was correct in holding that there was no such repeal.

The court dismissed the exceptions. George K. Crozer, Emma C. Knowles and J. P. Crozer Griffith, appealed.

*Errors assigned* were in dismissing the exceptions.

*William I. Schaffer,* with him *E. Wallace Chadwick,* for George K. Crozer, appellant.

*Maurice Bower Saul,* with him *Jesse S. Shepard,* for Emma C. Knowles, appellant.

*Garnett Pendleton,* for J. P. Crozer Griffith, appellant.

*Benjamin H. Ludlow,* for Sallie Crozer Hilprecht, John Price Crozer and Mary Crozer Page, appellees.

*Harold Evans,* with him *B. Gordon Bromley,* for Samuel A. Crozer, 3d, appellee.

*Wm. M. Stewart, Jr.,* for Margaret C. Fox, appellee.

*Joseph H. Hinkson,* with him *J. DeHaven Ledward,* for Edward Crozer, appellee.

Per Curiam, March 19, 1917:

These appeals are dismissed and the decree affirmed, at appellants' costs, on the opinion of the learned president judge of the court below dismissing the exceptions to the report of the auditor.