# Wunder's Estate.

*Wills—Construction—Remainder—Gift to husband — Power of appointment—Intestacy—"Heirs" — Alternative gift — Parties — Objection to claim against estate.*

1. Where the word "heirs" is used in a bequest of personalty, it means heirs as ascertained by the statutes of distribution, unless a contrary intent is indicated by the will.

2. Where a wife gives the residue of her estate to a trustee to pay a specified amount per week to her husband for life out of the income, or out of principal if necessary, and on the death of the husband to pay the remaining balance of the estate to such persons as her husband may appoint by will, or in case of his dying intestate, to the heirs-at-law of her husband, the gift to the heirs of the husband is in the alternative, and, if he dies intestate, his heirs take by substitution, to the exclusion of the next of kin of the testatrix.

3. In such case where a claim by a third party against the estate is admitted by the heirs of the husband, but objected to by the heirs of the testatrix, it will be allowed, inasmuch as the latter, not being entitled to share in the distribution, have no standing to object to the claim.

Argued March 23, 1921. Appeals, Nos. 385 and 386, Jan. T., 1921, by Martha Law and Mary Clark, from decree of O. C. Phila. Co., July T., 1920, No. 597, dismissing exceptions to adjudication in estate of Sarah Wunder, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Exceptions to adjudication of HENDERSON, J.

The court, in an opinion by GUMMEY, J., quoted in part in the opinion of the Supreme Court, dismissed the exceptions. Martha Law and Mary Clark, next of kin of testatrix, appealed.

*Error assigned,* among others, was dismissing exception to allowance of claim of $1,663 to Wm. G. Teaf et al.

*J. Joseph Stratton,* for appellant.

*Edmund W. Kirby,* of *Morris & Kirby,* for appellees.

PER CURIAM, April 18, 1921:

At the audit of the account of the executor of Sarah Wunder, deceased, the balance for distribution was claimed by the next of kin of decedent,—alleging an intestacy,—and by the heirs-at-law of her deceased husband; an award to the latter, and the allowance of the claim of a third party against the estate, were approved; this appeal followed.

The decree appealed from is affirmed on the following excerpts from the opinion of the court below: "The question we are called upon to decide relates to the distribution of the testatrix's residuary estate, with regard to which she provided as follows: 'All the rest, residue and remainder of my estate......I give, devise and bequeath unto the West Philadelphia Title & Trust Company.......in trust nevertheless and for the following uses and purposes, that is to say, to pay over to my beloved husband Edmund L. Wunder the sum of fifteen dollars weekly as long as he shall survive me. Should however the income from my said estate be not sufficient to fully provide for said weekly payment of fifteen dollars to my said husband, I hereby authorize and empower my trustee to apply so much of the principal and corpus of my said estate as may be necessary to fully provide for said weekly payment to my husband. From and immediately after the decease of my said husband I direct my said trustee to pay over the balance of my said estate remaining in its hands in such manner and to such persons as my said husband may direct by his last will and testament. Should he however die intestate I direct my said trustee to pay over said balance to the heirs-at-law of my said husband.'......The gift to the heirs-at-law of the husband is an alternative one, and, as he died in the testatrix's lifetime, the alternative gift

becomes effective. Those entitled to participate do not
take through the husband but by substitution, and the
use of the word 'husband' serves only to designate the
class entitled to take......Where the word 'heirs' is
used in a bequest of personalty it means heirs as ascer-
tained by the statutes of distribution, unless a contrary
intent is indicated by the will (see Gilmor's Est., 154
Pa. 523; Klein's Est., 26 Pa. Dist. R. 145); we find noth-
ing in this will showing an intention by the testatrix to
give the word any other meaning. Nor do we think the
estate of the testatrix is entitled to participate in the dis-
tribution. The case is not to be confused with that class
of cases (of which Roger's Est., 24 Pa. Dist. R. 824, is an
illustration) in which an estate is given to a husband or
wife for life with remainder to the testator's heirs or
next of kin, in which it has been held that upon the death
of the life tenant the estate of the life tenant is entitled
to participate. In the present instance, literally con-
sidered, Mrs. Wunder [the testatrix] comes within the
designated class, but the theory on which her will is
constructed does not show that she intended to include
herself as one of her husband's heirs,—rather the con-
trary; for, by giving her husband a power of appoint-
ment with an alternative gift in favor of his heirs in the
event of his failure to exercise the power, she showed
conclusively her intention to exclude her own relatives
from any participation in her estate......If, by a liter-
al application of the statutes of distribution her estate
should be permitted to participate, we would have this
anomalous result: that the one-half which fell into her
estate would pass under the residuary clause, one-half
to the heirs-at-law of her husband and one-half to her
estate, and this latter one-half would go through the
same process, one-half by one-half, ad infinitum." After
thus correctly ruling on the main branch of the case, the
court below disposes of the only other matter with which
we are here concerned as follows: "The auditing judge
allowed [the claim of a third party] in the sum of $1,663,

which was objected to by the exceptants [appellants], but admitted to be due by those whom the auditing judge found to be the parties interested in the estate; as exceptants are not entitled to share in the distribution, they are without standing to object to the allowance of the claim."

The assignments of error are overruled and the decree is affirmed at cost of appellant.