Estate of Frederick W. Witte, Deceased.

Argued April 22, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUN-
NINGHAM, BALDRIGE and DREW, JJ.

*E. J. Gannon* of *Hazlett, Gannon & Walter,* and with
him *Thomas H. Greer, Jr.,* for appellants.

*Zeno F. Henninger,* and with him *Thomas W. Wat-
son,* for appellees.

OPINION BY BALDRIGE, J., July 8, 1931:

Frederick W. Witte died December 19, 1929, first
having made a will, dated March 15, 1920, wherein he
bequeathed to his granddaughters, Carrie E. Gerner
and Mary R. Witte, $2500 and $1500, respectively. The
sixth paragraph of the will provides as follows: "I
hereby will, devise, and bequeath unto my cousin and
housekeeper, Caroline Nolte, her heirs and assigns
forever, all the balance, rest, residue, and remainder
of my estate of which I may die seized and possessed,

both real, personal, and mixed, after the payment of the above bequests." Caroline Nolte died about two weeks prior to the death of the testator, leaving nephews and nieces, who took this appeal from the decree of the learned court below, distributing the residuary estate to the two grandchildren of the testator, under the intestate laws, upon the theory that there was an intestacy as to the residuary estate.

The appellants stress in their argument the use of the words "heirs and assigns forever" in the disposition of the residuary estate and their omission in the pecuniary legacies to the granddaughters as a strong indication of the testator's intention to prevent a lapse of the former in the event of the death of Caroline Nolte. We do not place such weight on the variance in the phraseology. The bequests to the granddaughters were for definite sums of money, while the residuary estate included real estate, of which the deceased was seized. The learned court below well says, that "While it was unnecessary to add words 'heirs and assigns' to either the legacies to the granddaughters or to the residuary clause in order that the testator's whole estate therein would vest, yet it is frequently the case that where real estate is included in the gift, the words 'heirs and assigns' are added with full intent that they are to be construed as words of limitation, while they are omitted in pecuniary legacies. Such was the case here, the residuary estate including real estate." The added words "heirs and assigns" are well recognized to be words of limitation and not of purchase. They are used to indicate the nature of the estate which is given, and not the persons to whom it is to be given: Page on Wills, 2d Ed., Sec. 1248; Jarman on Wills, 6th Ed., 423.; 2 Williams on Executors, 11th Ed., 958. This general construction placed on the words "heirs and assigns forever" as words of limitation and not of purchase, or of substitution, as con-

tended by the appellants, prevails unless it plainly appears from the context of the will that such was not the testator's intention: Barnett's App., 104 Pa. 342. As Judge GEST points out in Collins' Est., 9 D. & C. 520, when the word "assigns" is used in conjunction with the word "heirs," it strengthens the theory that they are words of limitation "because it assumes that the legatee will survive, for otherwise it would not be possible for him to assign his legacy. Had the gift been to the legatee or his heirs, etc., there would be substantial ground for holding the gift to be substitutionary." But, unfortunately for the appellants, the alternative form was not used, as in the case of Wunder's Est., 270 Pa. 281, which clearly distinguishes it from the case under consideration.

We have looked in vain to discover any expression in the will which shows an evident intention to make an exception to the general rule. If it was the purpose of the testator to prevent a lapse of the legacy in the event of the death of Caroline Nolte, prior to his decease, it was his duty to express such intent with sufficient clearness (Appeal of the Trustees of the University of Penna., 97 Pa. 187), and this he failed to do.

It is true that for many years Caroline Nolte lived in the household of the testator and, undoubtedly, he desired to provide for her, as evidenced by his will, but, as we have already observed, there is no expression in the will, nor are there before us any surrounding circumstances which indicate that it was the testator's intention that, if his cousin predeceased him, her seventeen nephews, nieces, grandnephews and grandnieces should inherit his residuary estate direct from him. We must, therefore, regard the gift to Caroline Nolte as a lapsed legacy, and the two grandchildren are entitled under the intestate laws to the residuary estate.

The judgment of the court below is affirmed in each of the seventeen appeals.