## Simpson's Estate.

Argued May 11, 1931.   Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SCHAFFER and MAXEY, JJ.

*Paul Bedford* of *Bedford, Jones, McGuigan & Waller,* with him *Knight, Taggart, Klein & Reich,* for appellant.—The legacy to testator's brother, F. Stoddard Simpson, lapsed because of his death prior to testator's: Robinson v. Martin, 2 Yeates 525; Weishaupt v. Breh-

man, 5 Binney 115; Dickinson v. Purvis, 8 S. & R. 71; Martindale v. Warner, 15 Pa. 471; Russell's Est., 284 Pa. 164; Lefebvre v. D'Arcy, 236 Pa. 235; Dickinson v. Lee, 4 Watts 82; Sword v. Adams, 3 Yeates 34; Campbell v. Jamison, 8 Pa. 498; Criswell's App., 41 Pa. 288; Muhlenberg's App., 103 Pa. 587; McGill's App., 61 Pa. 46; University of Penna. App., 97 Pa. 187; Barnett's App., 104 Pa. 342.

The predeceased brother's widow is not an heir: Dodge's App., 106 Pa. 216; Potter's Est., 13 Phila. 318.

*William W. Mentzinger, Jr.,* for appellee.—There was no lapse of the legacy to F. Stoddard Simpson by his death during the testator's lifetime; on the contrary, there was a substitutional gift to the heirs of F. Stoddard Simpson: Blackburn's Est., 290 Pa. 55; Scott's Est., 301 Pa. 509.

The use of the disjunctive "or" in an immediate legacy operates to prevent a lapse, unless there is a contrary provision in the will: Ryan's Est., 2 Chester County 225; Provenchere's Est., 67 Pa. 463; Muhlenberg's App., 103 Pa. 587; Gilmor's Est., 154 Pa. 523.

Relevant authorities show that the disjunctive "or" is to be construed in its natural and ordinary meaning, and no change is to be made unless absolutely necessary to carry out the expressed intent of the testator: Worst v. DeHaven, 262 Pa. 39; Mayer's Est., 289 Pa. 407; Barnett's App., 104 Pa. 342; Gilmor's Est., 154 Pa. 523; Shoenberger's Est., 22 Pa. Dist. Ct. 126; Bender v. Bender, 226 Pa. 607; Wunder's Est., 270 Pa. 281; Barnwell's Est., 29 Pa. Dist. R. 317; Collin's Est., 29 Pa. Dist. Rep. 814.

Edith C. Simpson, widow of F. Stoddard Simpson, is an heir of her deceased husband: Ashton's Est., 134 Pa. 390; Marshall's Est., 147 Pa. 77; McClure's Est., 72 Pa. 414; Roland v. Miller, 100 Pa. 47.

OPINION BY MR. JUSTICE SCHAFFER, June 27, 1931:

By the third item of his will, which appears in full in the Reporter's notes, the decedent devised to his sister, Cora Simpson Burg, a life estate in his property known as Oak Hall, with its contents. He provided that upon her death one-fourth thereof should pass absolutely and in fee simple to her heirs at law; one-fourth in the same manner to a brother, Horton Simpson; another fourth similarly to a sister, Caroline Simpson Stuart; and the remaining fourth to his brother, F. Stoddard Simpson, for life. Upon the latter's death, he directed that one-third of his one-fourth should go absolutely and in fee simple to the heirs at law of Cora Simpson Burg, one-third thereof by like language to Horton Simpson and the other third to Caroline Simpson Stuart. He further provided that should his sister Cora Simpson Burg, at any time after his death, desire to give up the property and abandon it as a home, she was empowered to sell it and to distribute the proceeds therefrom "among herself and my brothers F. Stoddard Simpson and Horton Simpson and my sister Caroline Simpson Stuart, so that each of said distributees or their heirs may receive an equal share." He further directed that the proceeds of the personalty located in the house should be similarly distributed. F. Stoddard Simpson died in the lifetime of the testator. Cora Simpson Burg elected to sell the property and the personalty in it. The sale realized a sum in excess of $18,000. Edith C. Simpson, widow of F. Stoddard Simpson, claimed one-fourth of the proceeds of the sale as an heir of her husband. In this declaratory judgment proceeding the court below determined that she was entitled to such share of the fund. From this decision and the resulting decree in her favor, this appeal is brought.

It is the contention of the appellants that the legacy to F. Stoddard Simpson lapsed because of his death prior to that of the testator and that his heirs are not entitled to any part of the fund, and, in any event, his

widow is not included within the meaning of the word "heirs" as used in the will. We can assent to the proposition that at common law where a legatee died before the testator, his legacy lapsed (Robinson v. Martin, 2 Yeates 525; Weishaupt v. Brehman, 5 Binney 115; Dickinson v. Purvis, 8 S. & R. 71; Martindale v. Warner, 15 Pa. 471), and to the conclusion that under the Wills Act of June 7, 1917, P. L. 403, sec. 15 [b], a legacy to a brother is saved from lapsing only if he leaves issue, which F. Stoddard Simpson did not, but under the will before us we are not concerned with the question of lapsing, because, if we consider the will as written, the provision under which his widow claims is a substitutionary one. The gift is to F. Stoddard Simpson or his heirs. The peculiarity of the will is that whereas F. Stoddard Simpson was given but a life estate in the property if it was not sold, he was given an absolute interest in the proceeds of it should it be disposed of. It will further be noted that when the testator was devising the property as real estate, he used the term "heirs at law" of his brothers and sisters, but when he came to dispose of the proceeds in the event of sale he changed the direction to his brothers and sisters "or their heirs"; indicating that he had a different disposition in mind if the latter contingency arose.

As we have said more than once, "Precedents are of little value in the construction of wills": Scott's Est., 301 Pa. 509, 512. Recognizing this, we are nevertheless aided in construing the one before us by precedents which are in a line of some length. The rule in England is that the use of the disjunctive "or" in an immediate legacy operates to prevent a lapse: Gittings v. M'Dermott, 2 Mylne & Keen's Chancery Reports 69 (1834). Judge Gest of the Orphans' Court of Philadelphia, whose learning on this branch of our law is recognized throughout the Commonwealth, in Shoenberger's Est., 22 Pa. Dist. R. 126, 128, thus sums up the authorities: "It is well settled that a legacy or devise to a particular

person 'or' his heirs, or to one 'or' his representatives, will not lapse upon the death of the legatee or devisee before the testator; the gift is substitutionary and the only question is who are entitled to take. This appears to be the rule in Pennsylvania (Gilmore's Estate, 154 Pa. 523), as it is in England (Gittings v. M'Dermott, 2 Mylne & Keen 69; Re Crawford's Trusts, 2 Drew 234), as well as in New York (McCormick v. Burke, 2 Dem. 137; Wright v. Church, 1 Hoffman, 202; Wetmore v. Peck, 66 How. Pr. 543), although in a bequest to a person 'and' his heirs, no substitutionary gift can be inferred: Bolles v. Bacon, 3 Dem. 43; Van Beuren v. Dash, 30 N. Y. 393; Re Wells, 113 N. Y. 396. The reason would appear to be that in a gift to A 'and' his heirs, the gift is single, taking effect either at one and the same time in favor of the legatee 'and his heirs' or else not taking effect at all; whereas, in a gift to A 'or' his heirs, the gift is in the alternative, clearly indicating both 'A' and 'his heirs' as objects of the gift, the 'heirs' taking in the event of the nonexistence of 'A.' This is held sufficient by liberality of interpretation to overcome the presumption that the words heirs, representatives, etc., following the name of the legatee, have merely their ordinary meaning as indicative of the quantity of the estate granted." We said in Worst v. DeHaven, 262 Pa. 39, that the word "or" may be read as if it were "and" and "and" as if it were "or" when it is absolutely necessary to carry out the expressed intent of the testator but only in that event. In Bender v. Bender, 226 Pa. 607, we held that the word "or" implied a substitutionary gift. Wunder's Est., 270 Pa. 281, is another instance of a substitutional gift although in that case the word "or" was not used. Gilmor's Est., 154 Pa. 523, directly rules the question before us in favor of appellee.

We are not at all concerned with the question of technical conversion because the conversion of the real estate into money was outright and actual and the fund is personalty and was so bequeathed. In a bequest of

personalty a widow will be considered an heir of her husband unless a contrary intent is indicated by the will: Wunder's Est., 270 Pa. 281; Gilmor's Est., 154 Pa. 523; Eby's App., 84 Pa. 241. "Where the word 'heirs' is used in a bequest of personalty, it means heirs as ascertained by the statutes of distribution, unless a contrary intent is indicated by the will": Wunder's Est. at page 283.

The decree of the court below is affirmed at appellant's cost.