## Richardson's Estate.

The facts appear from the following extract from the adjudication of

SINKLER, J., Auditing Judge.—Joseph W. Richardson died December 21, 1930, unmarried and without issue, leaving a will and codicils thereto, duly probated, the provisions of which are set forth in the petition for distribution and in the copy of his will and codicils hereto annexed, and which will be more particularly referred to hereafter.

Letters testamentary were granted to the accountants on January 7, 1931, and proof of advertisement of notice thereof was submitted to me and is hereto annexed.

Payment of transfer inheritance tax of $11,104.73 upon a net real and personal estate of $116,891.92, on March 19, 1931, was duly vouched. The Com-

monwealth of Pennsylvania claimed transfer inheritance tax on the sum of $2338.63, being commissions on principal credited in the account in excess of three per cent., this being the amount of a suspended claim noted on the receipt. The total principal accounted for amounts in the aggregate to $127,-074.15, and the accountants take credit for commissions at five per cent. on $126,953.02, or $6347.65. A commission in excess of three per cent. on principal in an estate exceeding $100,000 is not allowed in this court unless unusual services have been rendered. An accountant will not be surcharged unless the court is requested to do so, except in a case where the commission on its face is grossly excessive or extortionate. In the present case, there being no objection to the commission, and the commission not being grossly excessive or extortionate, the accountant is not surcharged. There being no evidence, however, that unusual services were rendered, the claim of the Commonwealth for the additional tax, being at the rate of commission credited in the account in excess of three per cent., is allowed.

Paragraphs second, third and fourth of the will contain bequests to various institutions respecting cemetery lots. Clauses fifth to thirteenth, inclusive, are pecuniary bequests given to persons related to the testator by blood or marriage, all in substantially the same wording. By paragraph fourteenth, a bequest is given in trust for a namesake of the decedent. Clauses fifteenth to nineteenth are bequests for charitable purposes. Clauses twentieth and twenty-first have to do with the administration of his estate, including the power to sell. Clause twenty-second is a residuary clause which gives his residuary estate to his sister-in-law, Mary E. Maxwell, her heirs, executors and administrators, absolutely, with a provision that in the event of the death of the sister-in-law in the testator's lifetime the residuary estate be given to her daughter, Letitia T. Ely. The twenty-second clause appoints an executor.

The first codicil contains additional pecuniary bequests, but the words "heirs, executors and administrators" are not to be found. The second codicil provides for the substitution of a trust company as coexecutor in certain events. The third codicil directs that the bequests be paid without the deduction for taxes. The fourth codicil contains fourteen paragraphs in which certain legacies given by the will are reduced and others are increased, and some annuled.

The thirteenth paragraph of the will provides as follows:

"Thirteenth: I give, devise and bequeath unto my cousin, Jessie Ramsey Egbert (late of Norristown, Pennsylvania) her heirs, executors and administrators, the sum of Eight Thousand Dollars, absolutely."

Jessie Ramsey Egbert died before the testator, and the sole question for the Auditing Judge to decide is whether or not the legacy to her lapsed by reason of her predeceasing the testator.

In behalf of the executor of the estate of Jessie Ramsey Egbert, it is contended that in the gift to her, her heirs, executors and administrators absolutely, the qualifying words were used as words of purchase and not of limitation, and counsel relies on Gilmor's Estate, 154 Pa. 523, Shoenberger's Estate, 22 Dist. R. 126, Barnwell's Estate, 29 Dist. R. 317, and Collins's Estate, 9 D. & C. 520.

The Auditing Judge does not find that the present case is such an exception to the general rule as is found in the cases cited by counsel, and concludes that the legacy to Jessie Ramsey Egbert lapsed and falls into the residuary estate.

More than a hundred years ago the Supreme Court of this state held, in Sloan v. Hanse, 2 Rawle 28, that where there is a gift to the testator's nephews to be divided between them, or to their heirs, the word "heirs" is a word of limitation only, and that he who would take by it as a word of pur-

chase must show clearly that it was used in that sense. Evidently, the Supreme Court in that case construed the word "or" as "and."

In Gilmor's Estate, 154 Pa. 523, it was held that evidence was properly admitted to show that at the time of the republication of the will the words "or to their heirs" were added, and that in such a case the words "or to their heirs" were used as words of substitution and not of limitation. It was further held that the word "or" would not be construed as "and," and *vice versa*, except where it is absolutely necessary to support the evident meaning of the testator.

In Shoenberger's Estate, 22 Dist. R. 126, it was held that a testamentary gift to a person "or" his heirs, or to one "or" his representatives, is substitutionary and will not lapse upon the death of the legatee in the lifetime of the testator, but where the gift is to persons named "their heirs, legal representatives *or* assigns," the legacy will lapse upon the death of the legatee.

In Barnwell's Estate, 29 Dist. R. 317, a gift was made to A, her heirs and assigns. In a subsequent clause an annuity was given to B, with the express declaration that it was not to her heirs and assigns. It was held that such a declaration indicated that the words "heirs and assigns" in the gift to A were used as words of substitution and not as words of limitation, and that the gift to A would not lapse by reason of her death in the lifetime of the testator.

To like effect is Collins's Estate, 9 D. & C. 520, where legacies were given to a number of persons named, their heirs, executors, administrators and assigns, and subsequent paragraphs contained provisions in regard to three of the legacies, that should the legatee not survive, the legacy should lapse and fall into the residuary estate. Inasmuch as this provision applied to three legacies only, it was found that the words "heirs, executors," etc., were employed as words of substitution and the other legacies did not lapse by the death of the legatee in the lifetime of the testator.

The latest reported case in the Supreme Court is Simpson's Estate, 304 Pa. 396, which construes a legacy to a particular person "or his heirs." This decision is not applicable to the present case because in the instant case the word used is a conjunctive and not a disjunctive.

These cases and the others cited by counsel correctly set forth the law upon the subject in this state, but in the present case we do not find the use of the word "or," as in Gilmor's Estate and others, the latest of which is Simpson's Estate. A discussion of these cases is found in a recent adjudication in the estate of Gilbert Riter, deceased, No. 640, July Term, 1918. Nor in the present case do we find provisions similar to those in Barnwell's Estate and Collins's Estate, which would indicate that the gift to the heirs, etc., is substitutionary. The contrary intent is found in the residuary clause of the will. The residuary estate is given to testator's sister-in-law, Mary E. Maxwell, her heirs, executors and administrators, absolutely. Immediately follows a provision that in the event of her death during his lifetime the residue is given to her daughter, her heirs, executors and administrators, absolutely. Thus the testator seems to have had the proper conception of the legal effect of the words used, that is, that they were words of limitation and not of purchase, otherwise he would not have put into the residuary clause of his will a provision that in the event of his sister-in-law's death during his lifetime her share should go to her daughter. He must have realized had the bequest to his sister-in-law failed, there would have been an intestacy as to his residuary estate which would have passed to his next of kin. The words used in the residuary clause following the gift of the residue to his sister-in-law are identical with the words used in the thirteenth clause following the gift to Jessie Ramsey Egbert.

The provisions in the residuary clause as to the possible lapse of the gift to the sister-in-law are conclusive as to the construction to be placed upon the thirteenth clause. It is, therefore, held that the legacy to Jessie Ramsey Egbert has lapsed and becomes part of the residuary estate.

*Anthony H. Whitaker*, of Edmonds, Obermayer & Rebmann, for exceptant.

*Harpur M. Tobin*, contra.

VAN DUSEN, J., December 31, 1931.—We all agree with the conclusion of the Auditing Judge for the reasons which he gives. None of the special circumstances in this will which are pointed out by the exceptant seem to us to lead to the clear inference that the words "heirs, executors and administrators" were used in a substitutionary sense.

The exceptions are dismissed and the adjudication is confirmed absolutely.