## Buehler's Estate.

The facts appear from the adjudicaton of

STEARNE, J., Auditing Judge.—The testator died January 19, 1931, leaving a will dated September 30, 1898, which was duly admitted to probate, and leaving to survive him neither wife nor issue.

Letters of administration c. t. a. were granted to the accountant on February 13, 1931; proof of publication of the grant of same was submitted and is annexed hereto.

The payment of transfer inheritance tax, $960.68 on $10,112.35, on April 16, 1931, was duly vouched.

By the terms of said will, a copy of which, certified by counsel to be correct, is annexed hereto, testator directed the payment of debts and funeral expenses; gave all his household furniture, beds, bedding and cooking utensils to his cousin, Eleonora Gadsby (nee Vollrath); gave $100 cash to his cousin, Herman Baldauf, absolutely; gave $100 in cash to his cousin, Henry Baldauf, absolutely; gave $100 in cash to his cousin, David Baldauf, Jr., absolutely; gave $100 in cash to his cousin, John Baldauf, absolutely; gave $600 in cash to his uncle, Anton Buehler, of Altenstadt, Koenigreich, &c., absolutely, and "in case he should be deceased then I give and bequeath the same unto his child or children that may be living share and share alike;" directed his executors to sell all his real estate in the City of Philadelphia and divide the proceeds (after payment of the aforesaid legacies) in equal shares each between (among) his cousins, John Napoleon Baldauf, Joseph Anton Baldauf, Englebert Erhardt Baldauf (children of Anthony Baldauf and Julius Herman Vollrath), Henry Vollrath and Eleonora Gadsby (nee Vollrath) (children of Herman Vollrath), "their heirs and assigns (absolutely) forever;" gave the residue of his estate "unto my aforesaid cousins (naming the same persons) their heirs and assigns (absolutely) forever;" and appointed John Napoleon Baldauf and Henry Vollrath executors of the will, the former having renounced his right to act as such.

Counsel for the accountant notes on his appearance slip that at the time of his death decedent was possessed of no household goods. It is stated in the

account that the real estate of which decedent died seized, and directed by the will to be sold, has not as yet been converted.

The petition notes that a number of the legatees mentioned in the will predeceased the testator, and I am requested to find as a matter of law whether the respective legacies have lapsed and hence fall into the residue, or whether they remain in effect and pass to other named persons. Other questions having an important bearing upon the disposition of these bequests are also presented, and will be considered.

The deaths of the various legatees are noted in the petition as follows:

Eleonora Gadsby (nee Vollrath) died September 16 or 21, 1912, leaving to survive her two children, Howard and Edward, the latter having died August 17, 1931. Herman Baldauf died March 23, 1910. Henry Baldauf died March 10, 1894 (which was four years prior to the date of execution of the will). David Baldauf, Jr., died April 14, 1882 (which was fourteen years prior to the execution of the will). Anton Buehler (or Bihler, uncle of decedent) died February 17, 1919, leaving issue to survive him. Englebert Erhardt Baldauf died July 19, 1918, leaving no issue to survive him. Julius Herman Vollrath died February 14, 1925, leaving to survive him six children as noted in the petition. Henry Vollrath died July 31, 1910, leaving to survive him two children as noted in the petition. Joseph Anton Baldauf died August 20, 1929, leaving to survive him one child as noted in the petition.

It is to be observed that, with the exception of an uncle, all the beneficiaries named in the will are cousins of the decedent, all of whom predeceased the testator except John Baldauf, entitled to a legacy of $100, and John Napoleon Baldauf, whose claim I shall now discuss and pass upon. Both of these parties are living and of age.

It is contended by counsel representing John Napoleon Baldauf that the entire estate (save the legacy of $100 to John Baldauf and the legacy of $600 to the child or children of Anton Buehler, deceased, that may be living) is vested in him by virtue of his being the sole surviving residuary legatee, for the reason that the legacies to all the other legatees lapsed by reason of their having predeceased the testator, and fall into the residue by force of section 15 (c) of the Wills Act of June 7, 1917, P. L. 403. If this view of the matter is correct, John Napoleon Baldauf would take the entire estate, save the two legacies above mentioned, unless the language of the will discloses a contrary intention.

Counsel representing Frank A. Baldauf, Henry J. Vollrath, Julius Vollrath and Howard V. Gadsby (all children of residuary legatees who predeceased testator) urges that the language used in the residuary clause is susceptible of a construction which, if adopted, will show that "contrary intention" spoken of in the act, and thus make the legacies good for the above-named persons.

The particular portion of the residuary clause to which my attention is directed reads as follows: "all the rest, residue, reversion and remainder . . . I give, devise and bequeath unto my aforesaid cousins (naming them) their heirs and assigns (absolutely) forever."

The only question raised and to be determined is whether the gift of the residue was a substitutionary one to the heirs in case the legatees predeceased the testator, since this event has occurred as to all but one of them. Two recent cases are in point and would seem to control the instant case. In Simpson's Estate, 304 Pa. 396, 401, our Supreme Court quotes with approval the law on this subject as stated by Judge Gest in Shoenberger's Estate, 22 Dist. R. 126, 128, to the effect that "it is well settled that a legacy or devise

to a particular person 'or' his heirs or to one 'or' his representatives will not lapse upon the death of the legatee or devisee before the testator; the gift is substitutionary and the only question is who are entitled to take . . . although in a bequest to a person 'and' his heirs (as in the instant case) no substitutionary gift can be inferred." In Witte's Estate, 102 Pa. Superior Ct. 535, the language is almost precisely the same as in the case at bar, to wit, to a cousin "her heirs and assigns forever." It was there held that the words "heirs and assigns" are well recognized to be words of limitation and not of purchase, and that this general construction of the words "heirs and assigns forever" as words of limitation and not of purchase, or of substitution, prevails unless it plainly appears from the context of the will that such was not the testator's intention. Again our Superior Court quotes with approval from Judge Gest's opinion in Collins's Estate, 9 D. & C. 520, to the effect that "when the word 'assigns' is used in conjunction with the word 'heirs' it strengthens the theory that they are words of limitation, because it assumes that the legatee will survive, for otherwise it would not be possible for him to assign his legacy."

It is significant to note that the testator had in mind a substitutionary gift when providing for his uncle, Anton Buehler, and expressed this intention in clear and unmistakable terms. It is fair to assume that, had the testator intended a substitutionary provision as to other gifts in the will, he would have likewise used appropriate language to express such intention. But, with the exception above noted, he has not done so.

Counsel has also suggested that the use of the word "absolutely" in the residuary clause means "without exception or abatement," thus implying that the legacies therein contained do not lapse, but are good in favor of those now claiming them. I can see no merit in this contention. A perusal of the will discloses that the testator uses the word "absolutely" throughout, and I can ascribe no other meaning to the word, as here used, than a complete, unqualified ownership and dominion over the subject of the gift.

I am, therefore, of opinion, and so find, that in accordance with section 15 (c) of the Wills Act of 1917, the legacies (including those contained in the residuary clause) of all persons who predeceased the testator (with the single exception above noted) lapse, fall into and become part of the residue, and now pass to the sole surviving residuary legatee, John Napoleon Baldauf, to whom the award will be made.

In connection with the legacy of $600 to Anton Buehler and "in case he should be deceased then I give . . . the same unto his child or children that may be living share and share alike," I find that children of Anton Buehler living at the death of the testator are those entitled to take, but this does not include grandchildren: Paine's Estate, 13 D. & C. 629. There has been submitted a chart (which is annexed hereto) showing that Anton Buehler had eight children, all of whom predeceased the testator except one, Marie Anna Faulkaber (nee Bihler), who is living. I shall, therefore, award this legacy to her in accordance with the terms of the will.

*Henry W. Scarborough* and *Fred B. Creamer*, for exceptants.

*J. Edgar Wilkinson*, of Acker, Manning & Brown, contra.

VAN DUSEN, J., March 11, 1932.—This case is ruled by Witte's Estate, 102 Pa. Superior Ct. 535, which is cited and relied upon by the auditing judge. See, also, Simpson's Estate, 304 Pa. 396, and Shoenberger's Estate, 22 Dist. R. 126.

The exceptions are dismissed and the adjudication is confirmed absolutely.