Lytle Estate.

Argued November 12, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Harris C. Arnold,* with him *Arnold, Brick & Beyer,* for appellant.

*William J. Blank,* with him *B. Frank Kready* and *B. M. Zimmerman,* for appellees.

*E. Lyman Windolph,* for Commonwealth Title Company.

OPINION BY HIRT, J., January 17, 1947:

The fund for distribution in the estate of Annie S. Lytle includes the proceeds of sale of personal property

earmarked as originally a part of the estate of her father, Christian G. Sherk. The lower court found that $4,894.63 [1] in the hands of the executor of the estate of Annie S. Lytle, was still a part of the residuary estate of Christian G. Sherk and on its construction of his will, awarded the fund to the heirs of his sisters, Mary A. Greider and Elizabeth Berntheizel. By his will, dated November 21, 1896, Christian G. Sherk gave the life use of his entire estate to his wife. He then gave a life estate, in what remained after the death of his wife, to his daughter Annie S. Lytle in this language: "After the death of my said wife I give and bequeath all my estate that may be remaining unto my daughter Annie to be kept by her in her own hands and under her own control, and after her death to her children forever." Then follows this provision of the will which gives rise to the present controversy: "In case my daughter Annie should die without issue, then in that case I give and bequeath all my estate that then may be remaining, unto my sisters Mary A. Greider and Elizabeth Berntheizel, share and share alike, and to their heirs forever." Christian G. Sherk died on May 3, 1924. Elmira E. Sherk, his wife, died on April 13, 1936 and, by her will, her entire estate passed to her daughter Annie. The daughter, Annie S. Lytle, died on December 4, 1944, without issue, and by her will bequeathed her residuary estate (after specific and pecuniary legacies not involved here) to ten cousins in equal shares. Appellant-trustee represents two of them. Both Mary A. Greider and Elizabeth Berntheizel, sisters of Christian G. Sherk, died *before* the date of his death, each with issue surviving. If these legacies lapsed because of the deaths of both beneficiaries in the lifetime of their

---

[1] We think that this amount is in excess of the proceeds of property of Christian G. Sherk actually traced into the estate of Annie S. Lytle. But since the order will be reversed we need not determine what lesser amount is established by the proofs.

brother, an intestacy resulted in his estate and Annie S. Lytle became the absolute owner of the residuary estate remaining, after the death of her mother, by operation of law. *Est. of Frederick W. Witte,* 102 Pa. Superior Ct. 535, 157 A. 328.

At common law a devise invariably lapsed when a beneficiary died before the death of the testator. *Simpson's Estate,* 304 Pa. 396, 401, 156 A. 91; *Wettach v. Horn,* 201 Pa. 201, 203, 50 A. 1001. There have been two statutes in derogation of, and relaxing this rule of, the common law. But it is unimportant here which of the two statutes govern, whether the act in force when the will was executed (*Crozer's Estate,* 257 Pa. 241, 245, 101 A. 801) or the one in effect at the date of testator's death. Cf. *Lusk Estate,* 354 Pa. 6, 10, 46 A. 2d 494. When Christian G. Sherk died, he left his daughter Annie S. Lytle, a lineal heir, surviving. For that reason the gifts over to his sisters were not saved either by the Act of May 6, 1844, P. L. 564, or the Wills Act of June 7, 1917, P. L. 403, §15(b), 20 PS 252. The devises of Christian G. Sherk to his sisters Mary A. Greider and Elizabeth Berntheizel lapsed, and there is no evidence of an intent of that testator to make a substitutionary gift to the heirs of his sisters.

Christian G. Sherk gave successive life estates to his wife and to his daughter with the power, by necessary implication, in each to consume. The language of the will bequeathing all his "estate that may be remaining" on the death of his wife and all his "estate that then may be remaining" after the death of his daughter implies the power to consume in each instance by the prior life tenant. *Brennan's Estate,* 324 Pa. 410, 188 A. 160; *Byrne's Estate,* 320 Pa. 513, 181 A. 500; *Smiles v. Daube,* 130 Pa. Superior Ct. 565, 198 A. 457. We agree with appellant that testator therefore must have contemplated that his estate might be materially reduced or even totally exhausted before his sisters, in any event,

could take. His wife, and daughter and her issue, if any, were his principal concern. His sisters were to receive only what might be left in the event of his daughter's death without children and under the whole scheme of his will there is no evidence of a testamentary intent to provide for the heirs of his sisters on the contingency of their death before his. We agree, too, that this testator demonstrated that he knew how to make a gift over, on the death of a first taker. He made two such gifts in his will. But in the provision in question, the gift to his sisters was absolute and he did not make provision for a gift over, in case of their prior deaths, because he did not contemplate their heirs as his legatees on any eventuality.

The word heir is one of limitation and not of purchase, in the absence of a clear showing of a contrary intent. Cf. *Martin v. Grinage,* 289 Pa. 473, 480, 137 A. 676. The word "and" is not the equivalent of "or" and may not be so construed in a will except when absolutely necessary to carry out the expressed intent of the testator. *Simpson's Estate,* supra; *Worst v. De-Haven et al.,* 262 Pa. 39, 104 A. 802. In the absence, aliunde, of evidence of intent to the contrary, no substitutionary gift can be inferred from the language of the devise in the phrase "and to their heirs forever". *Barnett's Appeal,* 104 Pa. 342.

We find ourselves in agreement also with a third argument (advanced by counsel for other parties in interest.) which, however technical, supports the conclusion that the devise to the sisters lapsed, wholly. If we apply the, albeit artificial, rule of *Estate of Rebecca Moss,* 80 Pa. Superior Ct. 323, (recognized as valid, as late as *McCreary Trust,* 354 Pa. 347, 47 A. 2d 235) the devise to testator's sisters would not have passed to their heirs *by substitution* even if they had outlived the testator but had died before the life tenant Annie S. Lytle, although under such circumstances the devise

would have passed to their heirs on intestacy, or to their devisees under their wills. Language which could not be regarded as creating a substitutionary gift if the sisters had survived the testator, certainly cannot be construed as setting up a devise by substitution on their deaths *before* that of the testator.

Since the devise in question wholly lapsed, appellant is entitled to share in the fund, under the provision of the will of Annie S. Lytle disposing of her residuary estate.

Decree reversed and distribution ordered in accordance herewith. The costs shall be paid by the estate.