## Fausten's Estate

Before Van Dusen, P. J., and Sinkler, Klein, Bolger, Ladner and Hunter, JJ.

604

*Carlyle H. Ross*, for exceptions.
*James Hay Simms*, contra.

BOLGER, J., October 31, 1947.—The comprehensive opinion of Chief Justice Maxey in Lippincott Estate, 349 Pa. 538, relied upon by the auditing judge, is adequate authority to sustain the adjudication. As stated in the first cited decision (p. 545) : "The tendency for over a century was to give to the word 'issue' its commonly accepted meaning, to wit, a description of the persons next to take from the testator and not a line of inheritance". The key decisions of English's Estate, 270 Pa. 1, and Mayhew's Estate, 307 Pa. 84, both of which are cited in Lippincott's Estate, put the burden upon the person who claims "issue" to be the equivalent of "heir" or "heirs of his body" to show they were so intended.

We have carefully studied this will and are satisfied that exceptants have pointed to nothing substantial upon which to rest their case, to overcome the heavy burden they have to carry. The gift to Eliza Wiggan follows a life estate just as in Lippincott's Estate, supra. Its nature, as in the cited case, was not vested as exceptants maintain. The designation of the "issue" is in terms which the leading authorities cited above classify as being contingent upon the first donee surviving not only testator, Walther Fausten, but also the life tenant. "Issue" is not herein the equivalent of "heirs".

This conclusion renders it mandatory for us to give the usual disjunctive connotation to "or" in the disputed phrase. The word cannot conceivably be given a conjunctive meaning because "it is not absolutely necessary to support the evident meaning of the testator": Golden's Estate, 320 Pa. 4; Simpson's Estate, 304 Pa. 396; Whitman's Estate, 329 Pa. 377; Lytle Estate, 160 Pa. Superior Ct. 247.

The exceptions are dismissed and the adjudication is confirmed absolutely.