## Cassell Estate

*Samuel H. High, Jr., High, Swartz, Childs & Roberts, George C. Denniston,* and *Snyder & Bent,* for accountant.

*Samuel L. Sagendorph* and *Wright, Mauck & Spencer,* for claimant.

TAXIS, JR., P. J., March 22, 1961.—Emanuel R. Cassel died January 25, 1928, leaving a will dated September 4, 1918, in which he provided that his re-

siduary estate should be converted into money and divided into three equal parts or shares as follows:

"ITEM: One full, equal third part or share of the proceeds of my said residuary estate I give, devise and bequeath to my dear brother, John R. Cassel, his heirs and assigns forever.

"ITEM: One other of said full, equal third parts or shares of the proceeds of my said residuary estate I give, devise and bequeath to my dear sister, Annie R. Cassel, her heirs and assigns forever.

"ITEM: In case either my said brother or my said sister shall die before I do, without leaving lawful issue, then I order and direct that the share of the one so dying shall go to and be vested in the survivor of them; but, if either my said brother or my said sister shall die before I do, leaving lawful issue, then I order and direct that the share of the one so dying shall go to and be vested in such issue.

"ITEM: The remaining full, equal third part or share of the proceeds of my said residuary estate I give, devise and bequeath unto my said hereinafter named Executor, *in trust nevertheless*, to invest the same in good and lawful securities and pay over the interest or dividends arising therefrom, semiannually, to my dear nephew, Cresson Cassel, son of my late brother Isaac R. Cassel, for and during the term of his natural life, so, nevertheless, that said income shall not be subject to any debts, engagements or liabilities which he may have contracted, or which he may hereafter contract or incur; and, from and immediately after the death of my said nephew, I give and bequeath the corpus or principal of said full, equal third part or share, so in trust as aforesaid, in equal parts or shares to my said brother and my said sister, John R. Cassel and Annie R. Cassel, respectively, or the survivor of them, or their lawful issue, as the case may be in manner as aforesaid, their heirs and assigns forever."

John R. Cassel, decedent's brother, and trustee named in the will, predeceased decedent on November 5, 1926, without issue, and the award of the residue was made two-thirds to Annie R. Cassel and one-third to the Fidelity Trust Company and J. Edgar Butler, since deceased, substituted trustees. Annie R. Cassel died testate July 5, 1953, without issue, naming Cresson Cassel sole residuary legatee of her estate. Cresson Cassel died testate February 7, 1960, naming Kathryn B. Cassel sole residuary legatee of his estate. Harrison E. Cassel is the son of the life tenant, Cresson Cassel, and the sole heir of decedent, Emanuel R. Cassel.

Harrison E. Cassel contends that the interest of Annie R. Cassel in the third part or share of the residuary estate in which Cresson Cassel had a life estate was contingent and that the contingency failed to occur. If this is the correct interpretation, Harrison E. Cassel is entitled to distribution of such third part or share of the residuary estate as the sole heir of Emanuel R. Cassel.

The accountant's interpretation is that Annie R. Cassel had a vested interest and that her interest has devolved to Kathryn B. Cassel by way of the testaments of Annie R. Cassel and Cresson Cassel.

The court believes that testator intended to create a vested interest in Annie R. Cassel. This intention is manifest in the language "John R. Cassel and Annie Cassel, respectively, or the survivor of them, or their lawful issue, as the case may be, in manner as aforesaid, their heirs and assigns forever."

The phrase "in manner as aforesaid" can only refer to the scheme of the previous three items. The logical purpose for the insertion of this phrase is to indicate an intent that the remainder interest in John R. Cassel and Annie R. Cassel should be similar in qual-

ity to the interests created by the three previous items. The interest created by the three previous items, of course, vested in Annie R. Cassel upon the death of testator. The phrase "in manner as aforesaid" indicates that testator intended the same result in regard to the remainder interest, and that only the time of enjoyment and not the time of vesting is determined by the death of the life tenant.

The remainder interest in John R. Cassel and Annie R. Cassel is ambiguous without reference to the three previous items. It is only in the previous items that testator spells out the scheme of his gift to his brother and sister. The words "or the survivor of them, or their lawful issue as the case may be" are unintelligible without reference to the previous items where testator explains that survivorship applies only in the event either brother or sister dies without lawful issue.

Similarly, although testator defines the word survivor in the previous items to mean survivor at testator's death, no definition appears in the latter item. Again it is only reasonable to assume that the definition is supplied by reference to the previous items, and survivor in the latter item also means survivor at testator's death.

The fact that testator completely disposed of two-thirds of his residuary estate in the previous items indicates an intention to completely dispose of the remaining third in the item in question. It seems improbable that after completely disposing of two-thirds testator would only partially dispose of the remaining third leaving a reversionary interest. It is more reasonable to assume that testator also intended to dispose of the remaining third completely.

Finding a vested remainder interest is consistent with the canons of construction. A construction supporting a vested estate is preferred; a construction

leading to a partial intestacy is to be avoided; testator is presumed to dispose of all his property and the absence of a gift over indicates a vested interest: Cf. Renner Estate, 358 Pa. 409. It is proper and appropriate to consider other items of a will when interpreting a particular item so that a general scheme can be determined. Thus in Shaw's Estate, 326 Pa. 456, the court was impressed by a residuary clause which gave a vested remainder interest in the residue of testator's estate to his two sons absolutely, and gave weight to this fact in finding that the principal of a trust created by prior provisions of the same will vested absolutely in the two sons upon the death of testator, subject to the life estate of their mother, and further subject as to each son to divestment should he die leaving children surviving him. In Brown's Estate, 289 Pa. 101, p. 114, the court states the principle as follows:

"A legacy or bequest will be held contingent or vested as time is annexed to the gift or only to the payment of it, and the question whether or not a testator intended that the ultimate devisee should survive the time of actual distribution in order to possess a vested interest is not to be judged by the mere form of expression employed at any one point, but by the whole scheme of the devise or will."

Whether or not testator could reasonably expect his brother or sister to survive Cresson Cassel is immaterial. "The uncertainty which distinguishes a contingent remainder is not the uncertainty whether the remainderman will ever enjoy it, but the uncertainty whether there will be a right to such enjoyment": Riverside Trust Co. v. Twitchell, 342 Pa. 558, p. 564.

A gift to $A$ for life and "at the death of $A$ I wish and direct that my estate be divided between" $B$ and $C$ was held to create a vested remainder even though the testatrix further provided "the survivor (should one be dead) to take all." Both $B$ and $C$ died before the

death of *A*. The court awarded the remainder interest to their personal representatives: Phillips' Estate, 56 D. & C. 110. Cf. Restatement of Property §260.

The Pay and Divide Rule in construing a trust was abolished in Pennsylvania in Dickson Estate, 396 Pa. 371; Hope Estate, 398 Pa. 470.

In a gift after a life estate "to my sisters . . . or the survivor of them" survivorship referred to testator's death and not the death of the life tenant: Field's Estate, 58 D. & C. 641. At page 643 this court makes the following statement:

"The general rule in Pennsylvania is, and always has been, that the word 'survivor' or 'surviving', following a prior gift, is understood as referring to the death of testator unless a contrary intention is apparent: Fetrow's Est., 259 Pa. 89; Nass' Est., 320 Pa. 380."

Restatement of Property, §253, states that a supplanting limitation with regard to survivorship "tends to establish that the requirement of survival so created is a basis for the defeasance of such interest rather than a condition precedent thereof": See also McCauley's Estate, 257 Pa. 377; Johnson Estate, 80 D. & C. 23.

The phrase "their heirs and assigns forever" does not indicate either a vested or contingent remainder. These are words of limitation used to indicate the nature of the estate which is given (Witte Estate, 102 Pa. Superior Ct. 535) and the words would be consistent with either a vested or contingent remainder. Harrison E. Cassel argues that the fact that the gifts in the first two items of the residuary clause would have lapsed in the event of the death of both brother and sister before the death of testator causing a partial intestacy, indicates that as to his brother and sister, decedent made provision for them or their issue, but nothing more.

This is a resaonable argument but it is not sufficient to overcome the indicia of intent to the contrary enumerated above and the rules of construction which favor vesting. Furthermore, the argument assumes that the fact that a gift might lapse indicates or tends to indicate that it is not vested.

An interest is to be construed as contingent only when it is impossible to construe it as vested: Hope Estate, supra; Rau's Estate, 254 Pa. 464.

Accordingly, subject to distributions already properly made, the balance for distribution is awarded as suggested under the last paragraph of the petition for adjudication.

The account is confirmed, and it is hereby ordered and decreed that Fidelity-Philadelphia Trust Company, surviving substituted trustee, as aforesaid, forthwith pay the distributions herein awarded.

And now, March 22, 1961, this adjudication is confirmed nisi.